UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CLYDE TIGHE,

    Petitioner,                                 Case No. 1:12-cv-1314

v.                                               HON. JANET T. NEFF

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**Objection 1**

Petitioner's first objection is two-fold, raising error both with respect to notice and improper joinder. The Court finds no merit to Petitioner's objection on either ground.

Petitioner's objection presents a lengthy recitation of purportedly applicable legal principles from case law, and isolated general argument, but fails to show how such establishes any error in

the Magistrate Judge's analysis or conclusions (Obj., Dkt 57 at PageID.415-420). Such generalized argument does not constitute proper objection to a Report and Recommendation. A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made." *See* W.D. Mich. LCivR 72.3(b). Additionally, Petitioner conflates the authority and argument concerning notice and improper joinder. "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991). Objections disputing the correctness of the Magistrate Judge's recommendation but failing to specify the findings believed to be in error are too general. *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006); *Miller, supra.* Petitioner's objection is properly denied to the extent it merely recites or rehashes his general arguments for habeas relief and fails to specifically object to the Report and Recommendation. The Court otherwise finds no merit in any argument raised.

Petitioner asserts that the Magistrate Judge erred in finding that "Petitioner had adequate notice of the time frame of the charges against him" (Objs., Dkt 57 at PageID.414; R & R, Dkt 51 at PageID.361-362). Petitioner takes issue with the Sixth Circuit case law cited by the Magistrate Judge in concluding that the decision of the Michigan Court of Appeals on this issue was not an unreasonable application of clearly established Supreme Court precedent (*id.* at PageID.362). However, that the Magistrate Judge cited Sixth Circuit law, and particularly other habeas cases, does not, in and of itself, constitute error.

Petitioner states that the "crux" of his argument is that "he did not have adequate notice of the charges given the extremely large and non-specific window of time during which he was accused

2

of perpetrating the alleged crimes" (Obj., Dkt 57 at PageID.415). The Magistrate Judge correctly observed that the Supreme Court has held that the Fourteenth Amendment to the United States Constitution mandates "that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him so as to provide him with adequate opportunity to prepare his defense" (R&R, Dkt 51 at PageID.361, citing *e.g.*, *In re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977)). The Magistrate Judge considered the Michigan Court of Appeals' analysis of this issue, under the appropriate legal framework, and properly found that it was not an unreasonable application of clearly established Supreme Court precedent. This objection to the Report and Recommendation is denied.

Second, Petitioner objects to the Magistrate Judge's conclusion "that his claim of improper joinder is not cognizable on habeas review" (Objs., Dkt 57 at PageID.414; R&R, Dkt 51 at PageID.362-363). Petitioner argues that *United States v. Lane*, 474 U.S. 438 (1986), stands for the proposition that "misjoinder of counts denies a defendant his right to fair trial if there is severe and actual prejudice" (Objs., Dkt 57 at PageID.416-417). This argument is without merit.

The Magistrate Judge noted that the Supreme Court in *Lane* suggested in passing that misjoinder could rise "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial" (R&R, Dkt 51 at PageID.363, citing *Lane*, 474 U.S. at 446, n. 8). However, the Magistrate Judge also properly observed that the Sixth Circuit found the language in *Lane* was simply dicta and thus not clearly established federal law (R&R, Dkt 51 at PageID.363, citing *Mayfield v. Morrow*, 528 F. App'x 538, 541–42 (6th Cir.

3

2013)). The Magistrate Judge properly determined that no relief should be granted on the grounds of misjoinder. This objection is denied.

### Objection 2

Petitioner objects to the Magistrate Judge's finding of "no constitutional violation by the admission of 'other acts' evidence because there is no direct Supreme Court case holding that Due Process is violated under these circumstances" (Objs., Dkt 57 at PageID.420-421, citing R&R, Dkt 51 at PageID.365-366). Petitioner argues the prosecutor's Rule 404(b)[1] evidence was "so old that Petitioner could not remember any of the events that had taken place, for example in 1982," which violates fundamental fairness, and is grounds for habeas relief (Objs., Dkt 57 at PageID.422). As the Magistrate Judge observed, the Sixth Circuit has found that there is no clearly established Supreme Court precedent holding that a state violates due process by permitting propensity evidence in the form of other bad acts evidence (R&R, Dkt 51 at PageID.366, citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)). The "courts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Bugh*, 329 F.3d at 512. Petitioner presents no clearly established Supreme Court precedent to show that old, stale bad-acts evidence violated fundamental fairness or his right to a fair trial (Objs., Dkt 57 at PageID.422). This objection is without merit.

### Objection 3

Petitioner states that the Magistrate Judge "misconstrued Petitioner's claim" concerning the polygraph because he was not claiming a right to admission of the polygraph at *trial*, but instead that "the prosecutor failed to properly supervise law enforcement, resulting in structural error, because Petitioner was denied his absolute constitutional right to present a defense … " (Objs., Dkt 57 at

---

[1] FED. R. EVID. 404(b).

PageID.423; R&R, Dkt 51 at PageID.379-380) (internal quotation marks omitted). He asserts that the prosecutor violated *Berger v. United States*, 295 U.S. 78 (1935) by "suppressing [polygraph] results and instead continuing with prosecution" (Objs., Dkt 57 at PageID.425; *see* Dkt 42 at PageID.281-282).

Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly addressed Petitioner's claim in the context of his claim of prosecutorial misconduct and as presented to the state court. The Magistrate Judge considered and rejected Petitioner's due process argument (R&R, Dkt 51 at PageID.380) ("To the extent that Petitioner asserts that he was denied due process or his right to present a defense, this claim also fails."). The Magistrate Judge properly concluded that while Michigan law, MICH. COMP. LAWS § 776.21, may have entitled Petitioner to request a polygraph, any results would have been inadmissible; thus Petitioner cannot establish prejudice. Petitioner makes no cogent argument to undermine that conclusion. Further, to the extent Petitioner's claim is based on a claimed violation of Michigan law, habeas relief is not available because habeas corpus is only available for violations of federal law. *Estelle*, 502 U.S. at 68.

To the extent Petitioner raises new arguments or issues that were not presented to the Magistrate Judge, they are not properly presented. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for first time in objections to magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)

5

(citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). This objection is denied.

**Objection 4**

Petitioner objects to the Magistrate Judge's analysis and conclusions concerning his sentencing claims, and more specifically Petitioner's *Blakely/Apprendi/Alleyne*[2] claims (Objs., Dkt. 57 at PageID.428-432). Petitioner asserts various disparate allegations of error to argue that his "claims are therefore completely sound," and "the Magistrate's conclusions are clear legal error and this Court should grant the objection" (Objs., Dkt. 57 at PageID.432). Petitioner states that it was error for the Magistrate Judge to rely on Michigan cases in determining that there was no clearly established Supreme Court precedent holding Michigan's indeterminate sentencing scheme violative of *Alleyne* (Objs., Dkt 57 at PageID.430-431). Petitioner agrees that this Court may only consider the "clearly established" holdings of the United States Supreme Court, *Williams v. Taylor*, 529 U.S. 362, 412 (2000), but states that "[t]he Magistrate wrongly found that the *Lockridge*[3] case does not follow 'clearly established' federal law" (Objs., Dkt 57 at PageID.430). Petitioner presents no cogent argument to undermine the Magistrate Judge's determinations, and denial of habeas relief with regard to his sentencing, because *Alleyne* did not clearly establish the unconstitutionality of the Michigan sentencing scheme (R&R, Dkt 51 at PageID.389). Petitioner's objection is denied.

**Objection 5**

Petitioner objects that the Magistrate Judge erred in denying his claim of ineffective assistance of counsel based on the failure to secure an expert to rebut the prosecution's expert

---

[2]*Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013).

[3]*People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).

6

witness. Petitioner further argues that the Magistrate Judge erred in two key respects when analyzing his ineffective-assistance-of-counsel claims: (1) by applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), instead of *United States v. Cronic*, 466 U.S. 648 (1984), for Petitioner's claims that amounted to a "constructive denial of counsel argument"; and (2) by concluding that Petitioner's appellate counsel was not ineffective (Objs., Dkt 57 at PageID.434-437; R&R, Dkt 51 at PageID.397-400).

As in other aspects of his objections, Petitioner merely reargues his claims and points to no specific error in the Magistrate Judge's analysis or conclusions. Such general argument does not constitute proper objection to a Report and Recommendation. *Miller*, 50 F.3d at 380; *Howard*, 932 F.2d at 508-09. In any event, the Court finds Petitioner's arguments without merit.

The Magistrate Judge considered Petitioner's expert witness arguments and properly found no basis for relief. Petitioner presents no argument that undermines that conclusion.

Petitioner argues that his trial counsel's performance was so inadequate that it resulted in a constructive denial of counsel under *Cronic*, and as a result, presumed prejudice (Objs., Dkt 57 at PageID.434-435). *See Cronic*, 466 U.S. at 659 (stating that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."). The Magistrate Judge properly considered Petitioner's claims in the context warranted and found no ineffective assistance of counsel on the grounds asserted. Petitioner fails to show that an analysis under *Cronic* was warranted or required with respect to his counsel's alleged failures.

Petitioner's claim that the Magistrate Judge erred in concluding appellate counsel was not ineffective is also without merit (Objs., Dkt 57 at PageID.435-437). Petitioner's objection

demonstrates his disagreement with the Magistrate Judge's conclusions (R&R, Dkt 51 at PageID.400-401), but Petitioner's argument does not reveal any factual or legal error by the Magistrate Judge.  As the Magistrate Judge observed, in addition to the lengthy brief filed by appellate counsel, Petitioner filed a "Standard 4" supplemental brief and thus had the opportunity to bring any claims he desired on direct appeal (*id.* at PageID.401).  Petitioner therefore cannot show prejudice from appellate counsel's failure to raise particular issues on direct appeal.

## Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 57) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 51) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 30, 2016                     /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge